## E. P. ANDERSON v. J. D. SHAW.

(No. 4089.)

PARTIES.— Suit on note by payee for use of assignees who were legal owners, not maintainable.

SAME.— Suit by party having legal title for use of equitable owners maintainable.

APPEAL from Ellis county.

STATEMENT.— On April 18, 1879, this suit was brought by J. D. Shaw, for the use and benefit of C. D. Picket, L. and H. Blum, Julia A. Kerr, M. A. Turner, B. F. Hawkins, J. F. Mulkey, and B. F., as executor of E. Rogers, deceased, against appellant. The case made is, that appellant purchased from Shaw a block of land and executed his several promissory notes therefor in different amounts, which were transferred to the respective parties for whose use this suit is brought; that these notes constituted liens upon the land, are due and unpaid; prayer for judgment and foreclosure of lien. Appellant filed a general demurrer, general denial, and what appellee's counsel is pleased to term " a promiscuous answer," which in effect asserts a partial failure of consideration. A portion of the claims sued on were withdrawn, and judgment was rendered in favor

of Shaw for the use of the respective parties, for the amount of their respective claims, and general foreclosure of the lien.

OPINION.— Upon examination of this case we believe that the court erred in overruling appellant's demurrer to the petition, and also in rendering judgment for appellee, as this suit was brought by J. D. Shaw, on certain notes in which he was the payee, for the use of the assignees and real owners of the notes. It is alleged in the petition that the parties for whose use Shaw brought the suit are respectively the legal owners and holders of the notes, thus showing beyond question that Shaw had no interest whatever in, or title to, these notes. If it could have been shown by the petition that Shaw held the legal title to the instruments sued on, but that the parties for whose use the suit was brought were equitable owners of the same, then this suit could have been maintained in the name of Shaw for the use of the equitable owners. But it appears, both from the allegations of the petition and the evidence, that Shaw had no interest in the matter, and therefore the suit as brought cannot be maintained.

REVERSED AND REMANDED.